### CROOKS et al. v. RUMBALL.

(Supreme Court, Appellate Division, Third Department. May 11, 1897.)

SALE—CONTRACT—DESCRIPTION OF GOODS.

A memorandum of the sale of lumber referred to an invoice, and guarantied the amount of lumber to be as stated in the invoice. The invoice stated the number of piles, and kind and quantity of lumber in each pile. *Held*, that the buyer was entitled to the quantity of each kind of lumber specified in the inventory.

Appeal from trial term, Franklin county.

Action by George W. Crooks and others against Frederick G. Rumball to recover a balance alleged by plaintiffs to be due them for lumber sold to defendant. From the judgment for $525.94, damages and costs, entered on a verdict in favor of plaintiffs, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

I. W. Webb (Charles A. Burke, of counsel), for appellant.
Walter J. Mears, for respondents.

HERRICK, J. The reference to the inventory, in the memorandum of sale between the parties hereto, made such inventory a part of the contract between the parties, and such inventory and memorandum must be read together as one instrument. The inventory sets forth the different kinds of lumber, and the amount of each kind. It specifies the number of piles by location, and the amount, kind, and quantity of lumber in each pile. The memorandum signed by the parties contains these words: "Amt. of lumber guarantied to be the same as per Inv. made by the sheriff, less about 12,500 feet, which I have sold." It appears that, when the defendant came into the possession of the lumber, a number of the piles, as described and set forth in the inventory, had entirely disappeared, and, of the two piles described as pine lumber, one, which the inventory sets forth as containing 16,000 feet, had entirely disappeared, and of the other, as containing 12,000 feet, the greater portion had disappeared; the total amount that had thus disappeared being much more than 12,500 feet, the number of feet stated in the agreement as having been sold by the plaintiffs. The trial court held as follows: "This contract is not as to the quality of the lumber; the question is whether he got the number of feet called for, and not whether he got the kind of lumber called for by the contract,"—and by his rulings through the trial, and in his charge to the jury, held that the plaintiffs were only bound to

deliver the aggregate number of feet specified in the inventory, regardless of the kind or quality of lumber, and in effect held that it was of no consequence to the defendant under the contract as to what lumber had been sold or removed by the plaintiffs after the making of the inventory, and which is described in the inventory, provided such sale and removal were made prior to the sale to the defendant, and further provided that the aggregate amount of lumber received by the defendant equaled the total number of feet called for by the inventory. This, I think, was error. With the inventory before them, I think it was plain that the parties had in mind the various piles and the kinds of lumber therein specified, and that the purchaser had a right to expect that each pile contained as much lumber, and the kind of lumber, that the inventory stated it contained, subject to the deduction of 12,500 feet. And, for the error in that behalf, the judgment should be reversed, and a new trial granted, with costs to abide the event. All concur, except LANDON, J., dissenting.